## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

| | | |
|---|---|---|
| SHERMAN HOWARD | : | |
| 6524 Regent Street | : | |
| Philadelphia, PA 19142 | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: _____ |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| HORIZON HOUSE, INC. | : | |
| 120 South 30th Street | : | |
| Philadelphia, PA  19104 | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Sherman Howard ("Plaintiff") hereby brings this action against Defendant

Horizon House, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this complaint contending that Defendant unlawfully failed to pay

him overtime compensation pursuant to the requirements of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43

P.S. § 333.100, *et seq.*  Plaintiff also initiates this action to redress violations by Defendant of the

Pennsylvania Criminal History Record Information Act ("PCHRIA"), 18 Pa. C.S.A. § 9101, *et*

*seq.*  Plaintiff asserts that his rights under the PCHRIA were violated when Defendant

impermissibly considered his alleged criminal history in a manner unrelated to Plaintiff's

suitability for employment.  Plaintiff also asserts that Defendant failed to notify Plaintiff in

writing of its decision to terminate him based in whole or in part on criminal history record

information as required by PCHRIA.  Finally, Plaintiff contends that Defendant terminated him

based on a prior criminal conviction unrelated to the position he was employed in violation of public policy under Pennsylvania common law.

2.      Plaintiff is a former employee of Defendant where he worked as a Resident Counselor ("RC").  During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work and/or was not paid overtime compensation as required by the FLSA/PMWA.

3.      As a result of Defendant's improper and willful policies and practices, and failure to pay Plaintiff in accordance with the requirements of the FLSA/PMWA, Plaintiff has suffered damages.

4.      Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

### PARTIES

5.      Plaintiff Sherman Howard is a citizen of the United States and Commonwealth of Pennsylvania with a current address at 6524 Regent Street, Philadelphia, PA 19142.

6.      Upon information and belief, Defendant Horizon House, Inc. is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 120 South 30th Street, Philadelphia, PA 19104.

7.      Defendant is a "private employer" and covered by the FLSA.

8.      Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000.00, and has multiple employees (including, but not limited to

2

Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

9.      Plaintiff was an employee engaged in commerce and employed by Defendant during all times relevant hereto and, as such, an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

10.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

12.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.  See 28 U.S.C. § 1367(a).

14.     Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains an office location within the Commonwealth of Pennsylvania in Philadelphia, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

15.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant conducts business in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL BACKGROUND

### Facts Related to Plaintiff's FLSA/PMWA Claims

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     On or about June 6, 2018, Defendant hired Plaintiff in the position of Residential Counselor ("RC").

18.     During the course of his employment, Plaintiff received positive feedback, occasional praise, and no significant discipline.

19.     At all times material hereto, Plaintiff was paid an hourly rate and was not paid on a bona fide salary basis and/or fee basis.

20.     At all times material hereto, Plaintiff was an employee of Defendant.

21.     Defendant substantially controlled the manner Plaintiff was expected to adhere with respect to performing the necessary functions of his job.

22.     Defendant provided Plaintiff with the tools and/or equipment to perform the necessary functions of his job.

23.     Plaintiff's employment with Defendant was indefinite, with no foreseeable expiration of the working relationship.

24.     Plaintiff's employment was integral to Defendant's business, in that it directly impacted Defendant's ability to perform services.

4

25.     Defendant promulgated work rules, policies and procedures that applied to Plaintiff, and Defendant had the authority to discipline Plaintiff for any violation thereof.

26.     Defendant recorded and maintained records of the work Plaintiff performed at its place of business located at 120 South 30th Street, Philadelphia, PA 19104.

27.     Defendant supervised Plaintiff's work, set Plaintiff's schedule, and determined the hours that Plaintiff worked.

28.     Defendant had the authority to terminate its working relationship with Plaintiff at any time.

29.     Accordingly, Defendant misclassified Plaintiff as an independent contractor when Plaintiff was an employee of Defendant.

30.     At the outset of his employment, Plaintiff routinely worked over forty (40) hours per week.

31.     Specifically, Plaintiff worked approximately fifty (50) to sixty (60) hours per week.

32.     However, Plaintiff did not receive overtime compensation at 1.5 times his regular rate of pay for the hours worked in excess of forty (40) in a workweek.  Rather, Plaintiff was compensation at his regular rate of pay (i.e., "straight time") for all hours worked.

33.     Plaintiff did not receive overtime compensation at 1.5 times his regular rate of pay for the ten (10) to twenty (20) hours worked in excess of forty (40) hours in a workweek.

34.     From on or about June 6, 2018 to on or about June 14, 2019, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

35.     By way of example, during the workweek of April 15, 2019, Plaintiff worked approximately fifty-five (55) hours, but did not receive any overtime compensation for the approximately fifteen (15) hours of overtime he worked that workweek.

36.     Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

37.     Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

38.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

39.     In violation of the FLSA and PMWA, Defendant unlawfully failed to track, records, and report all the hours worked by Plaintiff.

40.     Plaintiff is non-exempt within the meaning of the FLSA/PMWA as he was compensated from the date of his hire on an hourly basis.

41.     Because Plaintiff was paid hourly, he did not qualify for the executive, administrative, and/or learned professional exemptions under the FLSA/PMWA.  All require Plaintiff to paid on a bona fide salary basis or fee basis.  See 29 CFR §§ 541.100, 541.200, 541.300.

42.     Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.  Plaintiff was not paid on a bona fide salary basis.  Plaintiff does not meet the duties of the executive exemption.  Plaintiff did not have the authority to hire and fire other employees employed by Defendant.

43.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

44.     Plaintiff does not qualify for the exemption for administrative employees under the FLSA/PMWA.  Plaintiff was not paid on a bona fide salary basis and/or fee basis.

45.      Additionally, Plaintiff's primary duties did not include the performance of office or non-manual work directly related to the management or general business operations of Defendant or exercise of discretion and independent judgment with respect to matters of significance.  Plaintiff primarily performed routine mental/manual tasks performed at Defendant's direction.

46.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

47.     Plaintiff did not perform work requiring advance knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.   In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, and mechanical work.

48.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

49.     Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

50.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and is therefore entitled to overtime compensation for the hours worked over forty (40) in a workweek.

51.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## Facts Related to Plaintiff's PCHRIA Claim

52.     Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     Plaintiff began working for Defendant as a Residential Counselor on or about June 6, 2018.

54.     During his tenure, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

55.     Prior to commencing work for Defendant, Plaintiff was required to fill out an application which, among other things, asked, "[w]ere you ever convicted of a crime?"

56.     Additionally, Defendant's application requested an applicant convicted of a crime to "[w]rite down your most recent arrest."

57.     Plaintiff provided Defendant with his criminal record and most recent arrest information.

58.     Plaintiff's last and only criminal offense took place in or around 2006.

59.     Regardless, Defendant hired Plaintiff in the position of Residential Counselor.

60.     On or about June 14, 2019, Plaintiff's employment with Defendant was terminated.

61.     Upon information and belief, Plaintiff was terminated due to his criminal record, subsequent to working for Defendant for over a year.

62.     Additionally, Defendant complained to Plaintiff that the police did not have a police report with respect to his 2006 arrest and, as such, would terminate Plaintiff's employment.

63.     Upon information and belief, Defendant knowingly and impermissibly considered Plaintiff's alleged criminal history in a manner unrelated to Plaintiff's suitability for employment, as is prohibited under the PCHRIA.

64.     At no time did Defendant notify Plaintiff in writing that its decision to terminate Plaintiff was based in whole or in part on criminal history record information, as was its obligation under the PCHRIA.

65.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

66.     Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67.     Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

68.     Moreover, Section 207(a) of the FLSA sates that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

69.     According to the policies and practices of Defendant, Plaintiff has worked in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.  Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worded in excess of forty (40) hours in a workweek.

70.     The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

71.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

72.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.      All additional general and equitable relief Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333.101, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

73.     Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

74.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.104.

75.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.104.

76.     By its actions alleged above, Defendant violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

77.     As a result of Defendant's unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to the recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

11

C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such relief as this Court may deem just and proper.

## COUNT III
## CRIMINAL HISTORY RECORD INFORMATION ACT
## 18 PA. C.S.A. § 9125
## WRONGFUL TERMINATION

78.     Paragraphs 1 through 77 are hereby incorporated by reference as though the same were fully set forth at length herein.

79.     Defendant, by the above-referenced actions, has violated the Criminal History Record Information Act ("PCHRIA"), 18 Pa. C.S.A. § 9125.

80.     Defendant is prohibited from using Plaintiff's criminal record to the extent it is unrelated to Plaintiff's suitability for employment.  See 18 Pa. C.S.A. § 9125.

81.     The alleged criminal history record, reflecting an alleged conviction that was said to have occurred thirteen (13) years ago, was unrelated to Plaintiff's suitability for employment as evidenced by him performing his job satisfactorily for Defendant since 2018.

82.     Nevertheless, Defendant used Plaintiff's alleged criminal records to terminate his employment.

83.     Further, although Defendant informed Plaintiff that the reason it terminated him was because of his alleged criminal record, Defendant failed to notify Plaintiff in writing that its refusal was based in whole or in part on Plaintiff's criminal record.

84.     Defendant knowingly and intentionally violated the PCHRIA.

85.     Plaintiff is bringing this action in accordance with 18 Pa. C.S.A. § 9183.

86.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

12

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.      Exemplary and punitive damages for Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred for prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT IV
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW
## <u>WRONGFUL DISCHARGE</u>

87.      Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein.

88.      While an employer in Pennsylvania generally may terminate an "at will" employee for any reason, it may not terminate an employee when the termination breaches a clear mandate of public policy.  An employer's use of an individual's criminal record, when unrelated to the individual's suitability of employment, to terminate and/or refuse to hire the

individual constitutes a breach of a clear mandate of public policy rooted in Pennsylvania common law.

89.     Defendant terminated Plaintiff because of an alleged criminal conviction that occurred thirteen (130) years ago.

90.     In his one (1) year of employment with Defendant, Plaintiff was never accused of any such impropriety.

91.     The Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by terminating Plaintiff because of his alleged criminal record from a decade ago.  Due to this prolonged time lapse, this conviction does not provide a basis for evaluating nor sufficiently relate to Plaintiff's suitability for employment.

92.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.     Compensatory damages and lost benefits;

C.     Punitive damages for the Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other further relief as is just and equitable under the circumstances.

14

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to Plaintiff in light of the caps on certain damages set forth by

applicable federal law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


                                    Respectfully submitted,

                                    **MURPHY LAW GROUP, LLC**


                              By: */s/ Michael Murphy*
                                    Michael Murphy, Esq.
                                    Eight Penn Center, Suite 2000
                                    1628 John F. Kennedy Blvd.
                                    Philadelphia, PA 19103
                                    TEL: 267-273-1054
                                    FAX: 215-525-0210
                                    murphy@phillyemploymentlawyer.com
                                    *Attorney for Plaintiff*

Dated: June 17, 2020

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.